lar that in the renewals that the name of F. Laird should be signed by J. G., meaning John Griffin, this plaintiff. That would import that John Griffin was the agent for one F. Laird, whereas if F. Laird was simply a figurehead, and John Griffin was all the time the party in interest, there was no need of signing the renewals· by this plaintiff as agent for a person who did not exist.

If the first two chattel mortgages were actually assigned to plaintiff, and the third was given to him, no reason appears why the name of Laird should have been used in the transaction. If, however, they were actually given to a man named Laird, then something should have been stated in the complaint showing an assignment from Laird to this plaintiff; and, if plaintiff was doing business under a fictitious name, it seems that it should have been pleaded—that the assignments of Exhibits A and B and the mortgage Exhibit C were made to plaintiff doing business under the name of F. Laird.

I think the demurrer should be sustained on the grounds stated in the first and second clauses thereof, but with leave to plaintiff to plead over within 20 days, on payment of costs.

Ordered accordingly.

---

(82 Misc. Rep. 162.)

MAXWELL v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Special Term, Columbia County.  September, 1913.)

MASTER AND SERVANT (§ 281*) — INJURY TO SERVANT — SUFFICIENCY OF EVIDENCE.

 Evidence, in an action for the death of plaintiff's decedent, while employed ·as a track repairer, from being struck by a freight train in the night, *held* insufficient to sustain a verdict for plaintiff.

 [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 987–996; Dec. Dig. § 281.*]

. Action by Carrie J. Maxwell, as administratrix, against the New York Central & Hudson River Railroad Company. Motion to set aside verdict of $5,000 for plaintiff. Motion granted.

Visscher, Whalen & Austin, of Albany (William L. Visscher, of Albany, of counsel), for the motion.

John C. Dardess, of Chatham, opposed.

COCHRANE, J. In Traynor v. New York Central & Hudson River R. Co., 155 App. Div. 600, 140 N. Y. Supp. 625, it was held that if the decedent, who was repairing a track at the time of his injury, was put in jeopardy by a train on that track moving out without signal or warning, the defendant might be held liable either upon the theory that the foreman was negligent in requiring the decedent to work in such a dangerous place as that was described to be where the accident happened without furnishing a watchman, or for the negligence of the engineman of the train or of the employé in charge of the movement of the train. The place where that accident occurred, however, was a very different kind of a place from that where the present accident occurred.

---

In the present action it is claimed that the decedent was struck by a milk train known as No. 77, which, although it had been crossing the tracks, was at the time of the accident proceeding in an ordinary manner westerly on the main west-bound track. There were two west-bound tracks, and it was between these two tracks that decedent was found. The evidence shows that the engine of the milk train east of the Woodbridge avenue crossing blew its whistle. It is of little moment that the occasion for the signal may have been the crossing which the train was about to make. It must have been heard by the deceased, and it was a notice to him, as well as to all others who heard it, that a train was approaching in a westerly direction, and, as above stated, at the time it had reached the deceased it was traveling in the usual way on the main west-bound track. There was no other train in the vicinity at that time, and consequently no train movement to create confusion. There was abundant room or space for the decedent to step on either side of the west-bound tracks. There is no evidence as to whether or not the headlight of the engine was burning, but the train must have been a regular freight train running on schedule time, as is indicated by the fact that it bore a number.

It is urged by the plaintiff, and was urged at the trial, that the defendant should have furnished a watchman for the deceased to have warned him of the approaching trains. A warning may be given by a bell or whistle just as effectually as by the word of a watchman. It may be that it is a question for a jury to determine whether or not this signal east of the Woodbridge avenue crossing was a sufficient warning to the deceased, and that the case should go to the jury as to whether or not under all the circumstances the deceased should have been better protected by more complete warnings from the approaching engine or in some other manner. As the motion for a nonsuit was denied at the trial, that question is not now before me, and I express no opinion in reference thereto. There is no evidence as to what method is usually adopted by railroad companies to warn their employés under circumstances here disclosed. There is no evidence as to the distance of the milk train from the deceased when the whistle was blown, except that it appears that the accident was more than 250 feet west of the crossing. It had been previously snowing but there is no evidence that the night was bad or unusual. I am of the opinion that under the meager facts here appearing, and with the one fact standing prominently forth that the engine in question gave warning of its approach and was proceeding regularly at the time of the accident, and that all which the deceased had to do was to step to one side to allow it to pass, the verdict is against the weight of evidence. And in so holding I recognize the rule that the burden of proof to establish contributory negligence in this action rests on the defendant.

In Hogan v. New York C. & H. R. R. Co., 208 N. Y. 445, 102 N. E. 517, an action which in some general features is not unlike this, the court as a matter of law held that the deceased was guilty of contributory negligence notwithstanding that the case was under the statute which placed upon the defendant the burden of establishing that defense. In this case I merely hold that under the facts disclosed at

the trial the verdict is against the weight of evidence. I realize that the plaintiff is at a disadvantage in not having an eyewitness of the accident, but nevertheless there are some facts not disclosed at the trial which are susceptible of proof.

The verdict is set aside and a new trial granted.

Motion granted.